IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Lenora W., ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | Case No. 3:21-cv-50178 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
|     *Defendant*. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lenora W. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her application for supplemental security income.[2] For the reasons set forth below, the Commissioner's decision is reversed and the case is remanded.

**I. Background**

Plaintiff had an abnormal result on a screening mammogram on October 15, 2018, R. 331, and was eventually diagnosed with infiltrating ductal carcinoma of the left breast. R. 463. Plaintiff's breast cancer treatment began on February 26, 2019, with a double mastectomy and implantation of tissue expanders for an eventual breast reconstruction. R. 471–73. Plaintiff underwent four three-week cycles of chemotherapy between May 16, 2019, and July 18, 2019, followed by endocrine therapy. R. 603. Plaintiff's chemotherapy required the surgical installation of a subclavian port on April 30, 2019; the port was removed on August 26, 2019. R. 515, 727–28. Plaintiff then underwent breast reconstruction surgery on October 10, 2019. R. 933–34. Due

---

[1] Kilolo Kijakazi has been automatically substituted for Andrew Saul pursuant to Fed. R. Civ. P. 25(d).
[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 6.

1

to complications from her breast reconstruction, Plaintiff required follow-up surgeries on February 27, 2020, and March 30, 2020. R. 1070, 1258–59. At the hearing, Plaintiff testified that she had "about three surgeries to go" to complete her breast reconstruction, including one scheduled for September 1, 2020. R. 62.

In addition to her breast cancer, Plaintiff purportedly injured her right shoulder in January 2020. R. 1507–08. An MRI showed some injuries, R. 1205–07, and an orthopedic physician found "pain but without gross weakness" in her shoulder at a follow-up appointment on July 2, 2020. R. 1527. At the hearing, Plaintiff testified that she was scheduled to have surgery on her right shoulder "in the near future," probably in September 2020. R. 64.

On November 14, 2018, Plaintiff filed for supplemental security income (SSI) under Title XVI of the Social Security Act, alleging a disability onset date of October 15, 2018, the date of her initial screening mammogram. R. 82–83. A remote hearing on the application was held before an administrative law judge (ALJ) on August 19, 2020. R. 22.

The ALJ issued a written decision on November 12, 2020, finding that Plaintiff was not disabled under 42 U.S.C. § 1382c(a)(3)(A) and thus not entitled to benefits. R. 37. At step two of the inquiry, the ALJ found that Plaintiff had the severe impairments of "breast cancer; diabetes mellitus; asthma; degenerative joint disease of the bilateral shoulders with adhesive capsulitis and impingement syndrome; osteoarthritis of the hips, knees, ankles, and feet; osteoporosis; degenerative disc disease of the lumbar spine; and obesity." R. 25. At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. R. 25–26. The ALJ then concluded that Plaintiff had the residual functional capacity (RFC) to perform light work with several restrictions. R. 26. Based on hearing testimony from an independent vocational expert (VE), the ALJ found at step four that Plaintiff could return to her

past relevant work as a receptionist, data entry clerk, or tax preparer. R. 35–36. The ALJ alternatively found at step five that a significant number of jobs existed in the national economy that Plaintiff could perform, such as sorter, inspector, and packager/bagger. R. 36–37.

Plaintiff sought relief from the Appeals Council on November 25, 2020, arguing that her need to frequently miss work due to her breast reconstruction surgeries and cancer treatment would have foreclosed competitive employment during her course of treatment. R. 262. After the Appeals Council denied Plaintiff's request for review on March 17, 2021, R. 1, Plaintiff filed the instant action. Dkt. 1.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### III. Discussion

Plaintiff argues that the ALJ (1) erred in crafting Plaintiff's RFC by ignoring the absenteeism and time off-task limitations that resulted from Plaintiff's breast cancer treatment, at least during a closed period; (2) failed to account for Plaintiff's limitations regarding reaching and handling; (3) failed to develop the record; and (4) improperly rejected Plaintiff's subjective reports. The Court agrees with Plaintiff that the ALJ erred in failing to consider a closed period of disability, so the following discussion is limited to this finding.

**Closed Period of Disability**

Plaintiff argues that the ALJ erred by failing to consider whether she was entitled to at least a closed period of disability during her cancer treatments, breast surgeries, and complications arising from those treatments and surgeries. Under the Social Security Act, a claimant is disabled when she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). "A claimant may receive an award of temporary benefits if she is disabled for 12 months or longer, even if she later recovers sufficient health to return to work." *Summers v. Berryhill*, 864 F.3d 523, 528 n.3 (7th Cir. 2017) (citing 20 C.F.R. § 404.1594).[3] Accordingly, "the disability inquiry must be made throughout the continuum that begins with the claimed onset date and ends with the hearing date," to determine if the claimant was disabled for any consecutive 12-month period within that continuum. *Calhoun v. Colvin*, 959 F. Supp. 2d 1069, 1075 (N.D. Ill. 2013).

---

[3] Although *Summers* considered disability insurance benefits under Title II of the Social Security Act, the same 12-month requirement applies to SSI benefits under Title XVI. *Compare* 20 C.F.R. § 404.1594 (Title II), *with id.* § 416.994 (Title XVI). In SSI cases, the 12-month period must begin "as of the month of application or onset, whichever is later." SSR 82-52, 1982 WL 31376, at *2 (S.S.A. 1982).

Here, Plaintiff cites seven surgical procedures related to her breast cancer in the thirteen months between February 2019 and March 2020, which included:

> a lymph node injection on February 25, 2019, bilateral mastectomy with lymph node biopsy on February 26, 2019, surgical port installation for chemotherapy on April 30, 2019, port removal on August 26, 2019, surgical implant placement on October 10, 2019, surgical implant exchange with fat grafting on February 27, 2020, and infected implant removal on March 29, 2020.

Pl.'s Mot. at 7, Dkt. 19. In addition to her time spent undergoing and recovering from these surgeries, Plaintiff underwent four three-week cycles of chemotherapy between May 16, 2019, and July 18, 2019. R. 603. Plaintiff also notes complications occurring between April 2019 and March 2020, including a likely cellulitis infection, swelling in her leg attributed to chemotherapy, ongoing breast pain, and an infected breast implant. Pl.'s Mot. at 8, Dkt. 19. Plaintiff required numerous emergency room visits and one overnight hospital stay related to these complications. R. 30–32.

In support of her argument that the above course of treatment entitled her to at least a closed period of disability, Plaintiff cites *Gholston v. Astrue*, No. 11 CV 4671, 2012 WL 1463553, at *15 (N.D. Ill. Apr. 27, 2012), in which the court found that the ALJ erred by not considering whether the claimant "was unable to work for a 12–month continuous period in light of her breast cancer surgery, treatment, and related recovery periods." In *Gholston*, the ALJ failed to "give due consideration to [the VE's] testimony that the jobs [the VE] identified . . . would accommodate no more than 1.5 days of absenteeism per month," which may have rendered the claimant disabled during that period. *Id.* (citing *Janezich v. Barnhart*, 453 F. Supp. 2d 1019, 1029–30 (N.D. Ill. 2006)). Plaintiff argues that as in *Gholston*, the ALJ here failed to properly consider the VE's testimony that the jobs the VE identified would accommodate no more than two absences per month. Plaintiff alleges that she could not have worked from February 2019 to March 2020, given that cancer treatments, breast surgeries, and related complications have required her to miss more

5

than two workdays per month, which the VE testified would make her unemployable. Pl.'s Mot. at 7–9, Dkt. 19; *see* R. 77.

The Commissioner's response does not attempt to distinguish *Gholston* or acknowledge the VE's testimony regarding absenteeism and time off task. Instead, the Commissioner responds that Plaintiff's argument fails because it relies on evidence the ALJ explicitly considered. The Commissioner further responds that the ALJ's overall finding of no disability necessarily included a closed period of disability, and Plaintiff had normal findings at a May 2019 consultative examination. Def.'s Resp. at 11–12, Dkt. 24. These arguments are unavailing.

First, there is no dispute that the ALJ summarized the evidence by documenting Plaintiff's medical history when addressing her symptoms and limitations. R. 35 (referring to "breast biopsies, surgeries on her breasts, and surgeries to have a right subclavian port placed and removed," as well as medication and emergency room visits). However, "merely summarizing medical evidence is not the same thing as analyzing it and explaining how the evidence supports the conclusion that the claimant is not disabled." *Alevras v. Colvin*, No. 13 C 8409, 2015 WL 2149480, at *4 (N.D. Ill. May 6, 2015); *Chuk v. Colvin*, No. 14 C 2525, 2015 WL 6687557, at *8 (N.D. Ill. Oct. 30, 2015). Here, the ALJ's opinion never addresses whether Plaintiff's numerous surgeries, chemotherapy treatments, and emergency room visits would have caused her to miss work more than two times per month for twelve or more months, a situation that, according to the VE's testimony, would have been work preclusive. While the ALJ did state that Plaintiff's breast cancer "did not result in frequent hospitalizations during the period at issue," R. 35, this sets the bar far too high. The VE's testimony was that no jobs would be available for an individual if "due to this individual's doctors' visits, symptoms, and side effects from medications, they'd be absent from work for two workdays per month" and that it would not matter why the individual was

6

missing days. R. 77. The VE did not say that the absences had to be due to hospitalizations. *See also Cooper v. Colvin*, 224 F. Supp. 3d 663, 670–71 (C.D. Ill. 2016) (discussing cumulative effect of outpatient medical treatment on work attendance).

Second, the ALJ's overall conclusion that Plaintiff is not disabled in no way ensures the Court that the ALJ considered whether she was disabled for a closed period. Although the ALJ asked the VE about absenteeism and time off task due to "doctors' visits, symptoms, and side effects from medications," R. 77, the ALJ's decision does not discuss whether Plaintiff's long course of treatment would result in two or more absences per month for twelve or more months, the amount the VE testified would preclude work. As such, the Court is unable to determine whether the ALJ considered and rejected a closed period or failed to consider a closed period altogether. The ALJ's decision thus does not provide a logical bridge between the evidence and his conclusion. *Jarnutowski v. Kijakazi*, No. 21-2130, 2022 WL 4126293, at *3 (7th Cir. Sept. 12, 2022) ("[E]ven under this deferential standard of review, an ALJ 'must provide a logical bridge between the evidence and [his] conclusions.'" (quoting *Butler*, 4 F.4th at 501)). Courts routinely remand in this context when the ALJ fails to discuss whether a closed period was considered. *See, e.g.*, *Jackson v. Astrue*, No. 09 C 50028, 2010 WL 4793309, at *14–15 (N.D. Ill. Nov. 18, 2010); *Brown*, 167 F. Supp. 2d at 1020; *see also Cooper*, 224 F. Supp. 3d at 670–71 (collecting cases).

Finally, the normal findings at Plaintiff's May 2019 consultative examination have no bearing on whether repeated absences due to medical treatment would have prevented Plaintiff from sustaining work on a regular, continuing basis during the closed period she proposes. *Cooper*, 224 F. Supp. 3d at 670; *Brown*, 167 F. Supp. 2d at 1020. Indeed, following the May 2019 consultative examination, Plaintiff continued to require treatments related to her breast cancer, including the remainder of her chemotherapy through August 2019, an ER visit in June 2019 for

7

swelling in her leg, imaging in July 2019 to rule out a blood clot in her leg, surgical removal of her chemotherapy port in August 2019, breast surgery in October 2019, an ER visit in October 2019 for an abscess in her surgical wound, breast surgery in February 2020, and a hospitalization and surgery in March 2020 due to an infected breast implant. R.30–32.

For all the reasons stated above, this case is remanded for the ALJ to consider whether Plaintiff satisfied the requirements for a closed period of disability. In remanding this case, the Court is not concluding that Plaintiff's course of treatment necessarily prevented her from working; the Court simply cannot determine at this stage whether the ALJ properly considered the issue. On remand, the ALJ should analyze whether Plaintiff's cancer treatments, breast surgeries, complications from those treatments and surgeries, and related recovery periods prevented her from working during a closed period, giving due consideration to the VE's testimony regarding absenteeism. *See Gholston*, 2012 WL 1463553, at *15.

In light of the Court's remand, it need not address Plaintiff's remaining arguments. However, Plaintiff's counsel should raise all issues argued on appeal with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is granted and the Commissioner's motion is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this opinion.

Date: September 22, 2022          By: _____
                                      Lisa A. Jensen
                                      United States Magistrate Judge

8